232 So.2d 33 (1970)
Alice E. O'SULLIVAN, Esther T. Delaney and Kenneth Delaney, Petitioners,
v.
CITY OF DEERFIELD BEACH, a Municipal Corporation of the State of Florida, Respondent.
No. 2314.
District Court of Appeal of Florida, Fourth District.
February 25, 1970.
*34 William E. Blyler of Patterson, Maloney & Frazier, Fort Lauderdale, for petitioners.
Ephraim Collins, Deerfield Beach, for respondent.
WALDEN, Judge.
This case presented by certiorari concerns the law of eminent domain and the application to be given R.C.P. 1.420, 30 F.S.A., Dismissal of Actions.[1]
Petitioners in this court are land owners. Respondent is a city possessing the right of eminent domain. The City, by the usual steps, undertook to condemn petitioners' land to include a Declaration and Order of Taking. In due course the City deposited the required monies into the registry of the court as provided by Section 74.051, F.S. 1967, F.S.A.
The case was thereafter presented for trial. At the close of the City's case in chief the City filed a written Notice of Voluntary Dismissal stating only "Comes now the Petitioner, City of Deerfield Beach, and files its voluntary dismissal of this cause pursuant to R.C.P. 1.420(a)." Looking at the record, it is clear that the City was proceeding more particularly under R.C.P. 1.420(a) (1) (i), which allows a unilateral dismissal  without the consent of the other parties and without an order of court  where the notice is filed prior to the retirement of the jury. The trial was discontinued. The trial court sanctioned the procedure by denial of petitioners' motion to strike the Notice of Voluntary Dismissal, and the propriety of this procedure is now before us for consideration.
We are altogether persuaded that the City was not empowered to dismiss the case as it did. Obviously such procedure leaves important matters in limbo. Are petitioners to be summarily deprived of *35 their statutory right to a jury adjudication as to the sums to be awarded to them as just compensation? What is the status of the land, title to which having become vested in the City? If it is possible to dismiss, are petitioners entitled to damages for their loss of possession? What disposition is to be made of the deposit which has now been taken down by petitioners?
Allowance of this method constituted error in that the important hurdle found in Rule 1.420(a) (1) was not cleared. In other words, the exception, "except in actions wherein property has been seized * * *." an action may be dismissed without court order, was given no effect. Here property had been seized and therefore the procedure attempted was not available to the City.
We next consider if an eminent domain case which has reached this stage is subject to dismissal or discontinuance and, if so, the procedure to be employed.
At first blush, it was our impression that such action could not be dismissed. This view resulted from our analysis of Chapter 74, F.S. 1967, which chapter deals with the right of the condemnor to take possession and title to lands being condemned in advance of final judgment. Using the procedures found there, we notice that the court may determine that the condemnor is entitled to possession prior to final judgment and the amount of a deposit to be made by the condemnor to preliminarily indemnify the land owners is determined. See Section 74.051, F.S. 1967, F.S.A. We then notice imperatively the provisions of Section 74.061, wherein it is provided that when the deposit is made in the registry of the court, that thereupon the title to the lands vests in the condemnor and the lands are deemed condemned and the right to compensation vests in the land owners. In Section 74.071, F.S. 1967, F.S.A., it is provided that the monies on deposit may be paid forthwith to the land owners. Finally, we see in Section 74.091, F.S. 1967, that where an order of taking has been entered and deposit made, that failure of the condemnor to complete the transaction by paying the compensation due to the land owners, as determined by the jury in the final proceedings does not invalidate the title of the condemnor or authorize the land owners to recover their property. The land owners' statutory remedy appears to be by writ of execution. From the foregoing, it seems to be the legislative intendment that the making of the deposit would absolutely seal the transfer of title and right of possession in the condemnor to the end that it could not be undone by dismissal. This view is further buttressed by the comment of Mr. Justice Terrell by way of obiter dictum in the case of Conner v. State Road Dept. of Florida, Fla. 1953, 66 So.2d 257:
"This Court is committed to the doctrine that proceedings for condemnation of private property may be dismissed by the condemnors at any time. We construe `any time' to mean that time before which compensation is made or actual possession of the property is taken by the condemnors."
We acknowledge that dictum of the Supreme Court in the absence of a contrary decision by that court should be accorded persuasive weight by us. Milligan v. State, Fla.App. 1965, 177 So.2d 75.
The Conner case, supra, was cited in the case of Peninsular Fire Insurance Co. v. Fowler, Fla.App. 1964, 166 So.2d 206, at page 211, with the observation that a condemnor does not have the right to withdraw nor the right to abandon an eminent domain proceeding once the money has been paid into court.
However, as we reflect upon trial court possibilities and considerations, we are mindful that an iron-clad rule that such case cannot be dismissed could lead to an anomolous situation. For instance, should *36 the condemnor wish to dismiss and the land owner wish to recover title to lands, we can see no profit in refusing to entertain a dismissal under Rule 1.420(a) (2). It would be awkward and wasteful to require the litigants to complete the case with a jury trial where the parties wished only the restoration of the status quo. We do, therefore, hold that the trial court has a limited discretion to dismiss such eminent domain proceedings under Rule 1.420(a) (2) "upon such terms and conditions as the court deems proper" at least in instances where both parties desire a discontinuance and the restoration of the status quo. The court could quite simply vacate the order of taking and accomplish the desired result by appropriate order. We would emphasize, however, that this discretion is limited by reason of the fact that the land owner is entitled to believe by virtue of Section 74.061, F.S. 1967, F.S.A., that this is a consummated and final transfer of title and is thereby entitled to arrange his affairs accordingly. Thus, if he has acted in reliance upon this or would suffer any disadvantage so that he would oppose dismissal, we are of the opinion that such should not be granted and that the condemnor should be required to complete the condemnation in accordance with statute.
In the instant case it is clear that petitioners view the order of taking as final and do not wish a return of their lands. Thus, the petition for certiorari is granted and the cause remanded with directions to strike the City's notice of voluntary dismissal filed on February 27, 1968, and to re-schedule the case for trial for the determination by the jury of the compensation due to petitioners from the City for the taking of the property.
Granted.
REED and OWEN, JJ., concur.
NOTES
[1] "RULE 1.420. Dismissal of Actions "(a) Voluntary Dismissal; Effect Thereof.

"(1) By Parties. Except in actions wherein property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (i) by serving or during trial, by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if such motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court for decision * * *.
"(2) By Order of Court; If Counterclaim. Except as provided in the subdivision (a) (1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. * * *"