460 So.2d 939 (1984)
Stephen T. BARGE, Appellant,
v.
Rosa SIMETON, Appellee.
No. 84-676.
District Court of Appeal of Florida, Fourth District.
December 5, 1984.
Rehearing Denied January 14, 1985.
James E. Copeland of the Law Offices of Roger C. Hurd, P.A., North Palm Beach, for appellant.
Charles Musgrove and Dan Hayes, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant Barge sued appellee Simeton in county court for damages for unpaid work performed by Barge pursuant to a contract to improve Simeton's real property. Simeton counterclaimed against Barge for damages for defective work and for filing a fraudulent lien on Simeton's property and demanded a jury trial. The cause was transferred to the circuit court where, pursuant to Simeton's motion, the court set the cause for trial by jury on July 11, 1983. Prior to trial Barge's lawyer withdrew. Thereafter, Simeton filed a motion to remove the case from the jury trial docket and try it non-jury because 1) upon preparation for trial counsel determined the case could "more appropriately" be tried without a jury, and 2) counsel had a conflict in that he was scheduled to try another case in Fort Lauderdale during the same trial period. The cause was tried non-jury on February 23, 1984, resulting in a judgment against Barge and for Simeton on Barge's complaint and for Simeton on her counterclaim in the amount of $300 compensatory damages, $500 punitive damages, attorney's fees of $1500, and costs of $121.29.
Barge obtained new counsel and filed a motion to set aside "default and default final judgment" together with an affidavit stating he had not received either the motion to try the case non-jury or the notice of *940 non-jury trial. Finally, without awaiting a decision on the aforesaid motion Barge perfected this appeal.
The thrust of Simeton's defense of the trial court's action is Barge's lack of diligence, his failure to attend the hearing on motion to remove the case from the jury docket or the trial of the case. Barge, of course, says he did not receive notice of either event. Be that as it may, we believe that issue is irrelevant. Whether Barge received notice or not, he had a right to a jury trial. To paraphrase the First District Court of Appeal in Saunders v. Saunders, 346 So.2d 1057 (Fla. 1st DCA 1977), Barge was entitled to place his confidence in the jury system, being confident that a jury would reasonably assess the damages in the case. The mere fact Barge failed to show up to pursue his claim does not mean he was not entitled to a jury determination of Simeton's claim for damages on her counterclaim.
Florida Rule of Civil Procedure 1.430 provides that the right to trial by jury as declared in the constitution or statute shall be preserved inviolate and that a demand therefor may not be withdrawn without the consent of the parties. Regardless of who makes the demand, once made it cannot be withdrawn without the consent of all parties. Jayre Inc. v. Wachovia Bank and Trust Co., 420 So.2d 937 (Fla.3d DCA 1982). Thus, it matters not that Simeton rather than Barge demanded the jury. Furthermore, even if Barge had not filed any pleadings in response to Simeton's counterclaim and allowed a default to be taken against him and did not show up for trial, he was still entitled to a jury trial on damages. Ansel v. Kizer, 428 So.2d 671 (Fla. 2d DCA 1982). To constitute a waiver of the existing demand for jury trial the Supreme Court of Florida has held there must be affirmative action on the part of a party. Barth v. Florida State Constructors, Inc., 327 So.2d 13 (Fla. 1976). The Fifth District Court of Appeal, in Laing v. Fidelity Broadcasting Corporation, 436 So.2d 959 (Fla. 5th DCA 1983), held that affirmative action must be a written stipulation or oral stipulation in open court.
Since there was no such affirmative action by Barge indicating a waiver of the demand for jury trial, the case should not have been tried non-jury. Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial before a jury on the sole question of the amount of compensatory and punitive damages Simeton is entitled to recover on her counterclaim.
REVERSED AND REMANDED, with directions.
DELL and BARKETT, JJ., concur.