GLICKSTEIN, Judge.
This is an appeal from a Final Judgment and an Order Denying New Trial. We reverse.
*687 Appellant (“DOT”) filed a Petition in eminent domain to acquire certain property including parcel 120 owned by appellees, Neal Adams, Sr. and his wife, Ora Lee Adams. The Petition included a demand for trial by a jury of twelve (12) persons. Along with the Petition, DOT filed a Declaration of Taking to proceed under the quick take provisions of Chapter 74, Florida Statutes. Both of these pleadings reflected two mailing addresses for DOT, one in Fort Lauderdale and the other in Tallahassee. Appellees’ Answer also contained a demand for jury trial and was served on both of DOT’s offices. Subsequently, DOT filed an Amended Declaration of Taking wherein the estimated value of parcel 120 was stated to be $18,600.00 and an Order of Taking was entered by the trial court.
Appellees’ Motion to Set Cause for Trial was served only on DOT’s Fort Lauderdale office as were the trial court’s orders setting a pretrial conference, setting a trial date and directing pretrial procedure.
On October 15, 1985, DOT’s trial counsel filed a Notice of Appearance, on which the Tallahassee office address was reflected. The docket call was held on June 13, 1986, and the pretrial conference was held on June 16, 1986. DOT’s Tallahassee trial counsel, not having received the trial court’s orders, was not present at either the docket call or at the pretrial conference. Thus, the court entered a default judgment against DOT on June 18, 1986. A copy of the default judgment was sent to DOT’s Tallahassee trial counsel. On June 23,1986, as scheduled on the original notice of trial, a nonjury trial was held for purposes of establishing the compensation due to appellees by DOT. At said trial, the court heard the testimony of a property appraiser and received several exhibits into evidence. The court then entered Final Judgment in the amount of $128,500.00 as additional compensation for Appellees’ parcel. This Final Judgment was for an amount identical to the amount previously entered by the Default Judgment.
On June 27, 1986, DOT’s Tallahassee counsel served a Motion to Vacate or Set Aside Default Judgment, Motion to Set Aside Final Judgment and Motion for New Trial, asserting that appellant DOT did not receive proper notice, that its failure to appear was based on inadvertence and excusable neglect and that the award was not made by a jury as required. The trial court denied all motions; hence this appeal.
Part of the order being appealed recites:
1. That the Motion to Vacate or Set Aside Default Judgment is hereby denied. Subsequent to the entry of the default judgment a trial was held, as previously scheduled, with regard to parcel 120. The Department of Transportation, although having received notice, failed to appear and the matter proceeded to a non-jury trial of the cause. After considering the only testimony and evidence offered on the issue of full compensation, a final judgment was entered. This judgment was not based upon the default, but upon the testimony and evidence offered at the trial. The previously entered default final judgment is therefore moot and need not be considered. (emphasis added).
Given the language in the trial court’s order that the final judgment was based upon the testimony and evidence at trial, we disregard the default. The issue we consider is whether the trial court erred in hearing the case without a jury after appellant and its attorney failed to appear for trial even though a demand for jury trial had been made in appellant’s petition. We conclude that it did.
Appellant contends that the trial court erred in not conducting a jury trial pursuant to its demand for one in its Petition and pursuant to Fla.R.Civ.P. 1.430 and section 73.071, Florida Statutes (1985). Fla.R.Civ.P. 1.430(a) states:
The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate, (emphasis added).
Subsection (d) of Fla.R.Civ.P. 1.430 provides that
... A demand for trial by jury may not be withdrawn without the consent of the parties.
*688 Section 73.071, Florida Statutes, mandates that in eminent domain proceedings
... the court shall impanel a jury of 12 persons and submit the issue of compensation to them for determination....
This court in Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984) — although not a case involving a statutorily conferred right to trial by jury as is the instant case — held that regardless of which party makes a demand for a trial by jury, once that demand has been made, it cannot be withdrawn without the consent of all parties. Even when a party fails to show up for trial or a default is entered against him, said party is entitled to a jury trial on damages absent a valid waiver. Id. at 940. To constitute a valid waiver of an existing demand for jury trial, affirmative action in the form of a written stipulation or an oral stipulation in open court is required. Id. The record in the instant case fails to disclose that a valid waiver was effectuated.
As previously noted, we feel it unnecessary to consider the default in light of the above order’s language. Thus what we say hereinafter is dicta. It is our view that DOT had the right to expect the trial court and appellees’ counsel to send all notices to its Tallahassee office as well as to its Fort Lauderdale office. They plainly were not. It is not surprising that the sequence of events in this case transpired as a result.
LETTS and STONE, JJ., concur.