536 So.2d 1181 (1989)
DIVISION OF ADMINISTRATION, STATE OF FLORIDA, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Louis Grossman, et al., Appellees.
No. 88-895.
District Court of Appeal of Florida, Third District.
January 10, 1989.
*1182 Maxine F. Ferguson (Tallahassee); Thomas H. Bateman, III (Tallahassee), for appellant.
John R. Farrell, Miami, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Florida Department of Transportation appeals from an order vacating an order of dismissal entered pursuant to Florida Rule of Civil Procedure 1.420(e) for the landowners' failure to prosecute an action brought by the agency under the "quick take" eminent domain proceedings, Chapter 74, Florida Statutes (1983). For the reasons which follow, we affirm.
On June 7, 1983, DOT filed a petition to condemn and a declaration of taking under Chapter 74 of property owned by Grossman and his associates. Pursuant to Chapter 74, the agency made a good faith estimate of the property's value: $38,600. On June 30, 1983, the owners answered, claimed damages in excess of DOT's estimate, and demanded a jury trial. On August 11, 1983, the trial court entered an Order of Taking and directed the agency to deposit $38,600 into the registry of the court. On October 5, 1983, the landowners withdrew the funds.
On December 3, 1985, the trial court directed the parties to show cause why the action should not be dismissed pursuant to Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. The landowners filed their response to that order on December 18 and alleged that the agency, as condemnor, had the burden to proceed and prove that the funds paid to the landowners constituted full compensation for the property taken. DOT did not respond to the show cause order.
For reasons not made clear by the record, the trial court was unaware of the landowners' timely record response of December 18. The trial court, therefore, dismissed the action on December 24, 1985. The landowners deny ever receiving a copy of the order of dismissal; the record is ambiguous as to whether DOT received notice of that order. However, on February 13, 1986, additional counsel from DOT filed a notice of appearance in the action. On November 9, 1987, the landowners served on DOT a request for production. DOT responded to that request by stating that no production was required because the case had been dismissed in December, 1985.
On February 2, 1988, the landowners moved to vacate the order of dismissal on the grounds that they had complied with the trial court's December 3, 1985, show cause order, and that the involuntary dismissal denied them their statutory right to a twelve-person jury trial and full compensation for the agency's condemnation of their property. At a hearing on that motion, the trial court acknowledged that it had not known about the landowners' response to the show cause order and stated: "I dismissed it [the condemnation action] on the 24th, but I was unaware of the fact that this [the landowners' December 18 response] was filed, or I wouldn't have dismissed it."[1] After a hearing, the trial court vacated the order of dismissal and reinstated the condemnation action.
We affirm on the procedural grounds and, on the merits, hold that once a landowner has timely answered the condemnor's petition, demanded a jury trial, and withdrawn the funds from the court's registry, the action cannot be dismissed for the condemnor's failure to proceed and carry its burden to prove that the amount of compensation paid under the "quick *1183 take" procedures was adequate. Moreover, had the trial court allowed the dismissal to stand, the landowners would have been denied their constitutional and statutory right to trial by a twelve-member jury. See § 73.071, Fla. Stat. (1985).
Under the "quick take" proceedings in Chapter 74, the government files its condemnation petition and declaration of taking and makes a good faith estimate of the value of the land. Section 74.031. The trial court, following a hearing upon request of the landowner, shall, upon finding that the petitioner is entitled to possession of the property prior to final judgment, enter an order allowing the taking and directing the condemnor to deposit into the registry of the court funds which equal the good faith estimate. Upon making the deposit, the condemnor receives title to the property. Section 74.071. However, the landowner's constitutional right to full compensation is determined "in accordance with the provisions of chapter 73." Section 74.061.
Chapter 73 provides that:
[w]hen the action is at issue, the court shall impanel a jury of 12 persons as soon as practical considering the reasonable necessities of the court and of the parties, and giving preference to the trial of eminent domain cases over civil actions, and submit the issue of compensation to them for determination, which issue shall be tried in the same manner as other issues of fact are tried in the circuit courts.
Section 73.071.
The Florida supreme court labelled the power of eminent domain "one of the most harsh proceedings known to the law." Baycol, Inc. v. Downtown Dev. Auth., 315 So.2d 451, 455 (Fla. 1975). "Consequently, when the sovereign delegates this power to a political unity or agency, a strict construction must be given against the agency asserting the power." Id. (footnote omitted).
The condemning authority has the burden of proving that the compensation paid to the landowner was adequate. City of Fort Lauderdale v. Casino Realty, Inc., 313 So.2d 649 (Fla. 1975).
A condemnor does not have the right to abandon an eminent domain proceeding once the funds have been paid into the court. O'Sullivan v. City of Deerfield Beach, 232 So.2d 33 (Fla. 4th DCA 1970) (citations omitted). This is because the amount deposited does not establish the value of the property or just compensation; such a determination, if compensation is at issue, is within the sole province of the jury. Florida E. Coast Ry. v. Broward County, 421 So.2d 681, 684 (Fla. 4th DCA 1982).
Once either party in an eminent domain proceeding demands a jury trial, that demand cannot be withdrawn without consent of all parties. Division of Admin., Fla. Dep't of Transp. v. Davis, 511 So.2d 686 (Fla. 4th DCA 1987). The trial court was thus correct in preserving the landowners' right to trial by jury when it vacated the order of dismissal.
We are aware that section 73.012 provides that eminent domain actions "shall be governed by the rules of civil procedure ... unless otherwise provided by this chapter." However, Florida Rule of Civil Procedure 1.420(e) cannot be invoked by the condemnor to avoid its statutory mandate.
DOT's failure to act in this case inured only to its benefit. Title to the condemned land had vested in the agency upon deposit of the good faith estimate; dismissal of the action relieved the agency of its duty to prove just compensation for the taking of private property.
A condemnor cannot simply sit idly by and avoid record activity hoping that the court will dismiss the cause for want of prosecution. The burden to proceed in Chapter 74 proceedings is not upon the landowner; that burden rests squarely upon the shoulders of the governmental entity which seeks to invoke the harsh procedures *1184 which result in the taking of private property.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] DOT contends that the trial court was without jurisdiction to vacate its order of dismissal more than one year after its entry. However, Florida Rule of Civil Procedure 1.540(a) allows a court to correct clerical errors arising from "oversight or omission" at any time. We therefore find DOT's argument that the trial court lacked jurisdiction to vacate the dismissal to be without merit.