DANAHY, Acting Chief Judge.
In this eminent domain case the appellants appeal the trial court’s order which dismissed the action for lack of record activity pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
The appellee, the State Department of Transportation (DOT), filed its petition condemning the appellants’ (landowners’) real property following the quick-take procedures provided in chapter 74, Florida Statutes (1983). The DOT deposited into the court registry the requisite amount of money representing its good faith estimate of the value of the land condemned. The landowners answered the petition and demanded full compensation to be set by a jury. Soon thereafter, on October 2, 1984, the court entered an order allowing the landowners to draw down the money to which they were then entitled. From this point there was no record activity in the case until October 14, 1987, when the clerk of the court filed a computer-generated motion to dismiss the case for lack of prosecution on the authority of Florida Rule of Civil Procedure 1.420(e). The landowners’ counsel thereafter filed an (untimely) Affidavit of Good Cause in opposition to the motion to dismiss. After a hearing at which the appellants presented their reasons for the lack of record activity, the court ordered the cause dismissed for failure to prosecute.[1] The court denied the *656 landowners’ subsequent petition for rehearing and/or reinstatement of the action. The landowners then perfected this appeal.
The landowners contend that when the DOT made its good faith deposit into the court’s.registry, title to their land vested in the DOT and, at that same time, the corresponding right to full compensation likewise vested in them. They cite to section 74.061, Florida Statutes (1983), to support that contention. Because the DOT has the burden to prove the amount of full compensation to a jury, continue the landowners, the landowners’ right to a jury determination of that amount (pursuant to section 73.071) cannot be cut short by dismissal of the case over the landowners’ objection. The DOT counters the landowners’ arguments by pointing out that rule 1.420(e) applies to all actions, without exemption for eminent domain proceedings. The DOT further contends that a failure to apply rule 1.420(e) to eminent domain cases would thwart the stated purpose of the civil rules of procedure to secure the “just, speedy and inexpensive determination of every action.” Fla.R.Civ.P. 1.010. To bolster its argument in support of the trial court’s order of dismissal, the DOT points to a provision within the eminent domain statute itself, section 73.012, to the effect that, unless otherwise provided, the rules of civil procedure apply to eminent domain actions.
The applicable law governing the issue in the case before us was recently discussed by the Third District Court of Appeal in Division of Administration, State of Florida, Department of Transportation v. Grossman, 536 So.2d 1181 (Fla. 3d DCA 1989). Although Grossman varies in certain immaterial factual details, the legal issue there parallels the one before us. In balancing the competing interests between the condemning authority and the landowner in eminent domain proceedings, the court concluded that the rights of the landowner are preeminent and held that after the quick-take procedures of chapter 74 are completed, and answer and demand for jury trial is timely made, the cause cannot be dismissed for failure to prosecute absent a stipulation by the landowner. Compare O’Sullivan v. City of Deerfield Beach, 232 So.2d 33 (Fla. 4th DCA 1970) (similar holding where condemning authority sought to dismiss during jury trial). We agree with the third district that the condemning authority cannot sidestep its burden to prove to a jury whether its good faith deposit constitutes the constitutionally mandated full compensation[2] for the taking by sitting back and doing nothing so that the court can dismiss for lack of prosecution at a later time.
The landowners had timely answered the petition to condemn their property including a demand for jury trial to determine the amount of their full compensation. As always, the burden to prove full compensation remains on the condemning authority. See Grossman. Once the landowners had thus put the cause at issue, the only thing left to be done was for a jury to fix the amount of full compensation. § 73.071, Fla.Stat. (1983). Therefore, the cause should not have been dismissed absent their concurrence.
The trial court’s order dismissing this case for lack of prosecution is reversed and the case is remanded for further proceedings.
LEHAN and FRANK, JJ., concur.

. The untimeliness of the Affidavit of Good Cause was not the ground for the dismissal since the judge, at the hearing on the motion to dismiss, stated that the cause would have been dismissed even if the affidavit had been timely.

. Art. X, § 6, Fla. Const.