PER CURIAM.
 

 Appellants, Izaak Walton Investors, LLC (IWI) and Sherwood Partners, LLC (Sherwood), challenge a judgment entered after a bench trial they claim was conducted in the face of Sherwood’s demand for trial by jury. We reverse, finding the trial court erred by refusing to conduct a jury trial as requested.
 

 This case involves a May 16, 2005, commercial purchase agreement between Sherwood and appellees, Ralph and Clara Oesterle. Sherwood, having assigned its interest in the contract to IWI, nonetheless brought an action for declaratory relief against appellees, seeking a determination as to the effects of appellees’ alleged noncompliance with the purchase agreement. After IWI was substituted as the sole plaintiff, the Oesterles filed an answer, affirmative defenses, and a counterclaim for breach of contract. On October 10, 2006, Sherwood moved to dismiss the counterclaim and joined IWI’s independent motion to dismiss.
 

 On June 5, 2009, Sherwood filed its answer and affirmative defenses, requesting “a jury trial for all issues.” In the pleading Sherwood also “counterclaimed,” asserting a new cause of action for publication of a defamatory statement. Again, Sherwood requested “a jury trial for all issues.” Appellees moved to dismiss the counterclaim, arguing Sherwood failed to state a cause of action. Without having ruled on appellees’ motion to dismiss, the court set the matter for a non-jury trial.
 

 We review de novo the trial court’s construction or interpretation of a rule of civil procedure.
 
 See Swait v. Swait,
 
 958 So.2d 552, 553 (Fla. 4th DCA 2007). “The right of trial by jury as declared by the Constitution or by statute shall be preserved ... inviolate.” Fla. R. Civ. P. 1.430(a). Any party may demand a jury trial “by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.”
 
 See
 
 Fla. R. Civ. P. 1.430(b). “Regardless of who makes the demand, once made it cannot be withdrawn without the consent of the parties.”
 
 Barge v. Simeton,
 
 460 So.2d 939, 940 (Fla. 4th DCA 1984). “To constitute a waiver of the existing demand for jury trial ... there must be affirmative action on the part of a party.”
 
 Id.
 
 The “affirmative action must be a written stipulation or oral stipulation in open court.”
 
 Id.
 

 The right to trial by jury is enforced by the rules of procedure.
 
 See
 
 Fla. R. Civ. P. 1.430(a). Sherwood served its jury trial demand in a timely fashion, including the demand in the answer and counterclaim filed June 5, 2009.
 
 See
 
 Fla. R. Civ. P. 1.430(b). The record does not reveal either that the parties subsequently consented to withdraw the request or that Sherwood took some affirmative action to waive the right to a jury trial. Accordingly, we conclude the trial court erred by denying Sherwood’s demand to schedule the matter before a jury.
 
 See Simeton,
 
 460 So.2d at 940.
 

 Appellees argue against this result, contending appellants’ counsel announced a waiver during the pretrial conference. The waiver, appellees argue, is reflected in a pretrial conference order. We observe that the record on appeal includes no evidence either of the substantive content of any pretrial conference or, more particu
 
 *614
 
 larly, a waiver of the right to jury trial at such conference. As a result, we find the waiver argument unavailing.
 
 See id.
 
 (requiring “affirmative action” to constitute waiver of an existing demand for jury trial).
 

 REVERSED.
 

 KAHN, VAN NORTWICK, and THOMAS, JJ., concur.