346 So.2d 1057 (1977)
Janet Kay SAUNDERS, Appellant,
v.
Mark A. SAUNDERS, Jr., Appellee.
No. FF-175.
District Court of Appeal of Florida, First District.
June 7, 1977.
*1058 Robert E. Gibson, Tallahassee, for appellant.
James J. Richardson and Elaine N. Duggar, Tallahassee, for appellee.
BOYER, Chief Judge.
After entering a default judgment and, thereafter, a final judgment in favor of appellant, the trial court granted appellee's motion to vacate final judgment. In this interlocutory appeal, appellant challenges the trial court's order vacating the final judgment.
Appellant filed her complaint for compensatory and punitive damages against appellee, her ex-husband, alleging that he had shot out the tires and caused the engine to blow up on a 1971 Jaguar which appellant had received pursuant to a final judgment of dissolution of marriage. One of appellee's defenses contained in his answer was temporary insanity to which appellant responded by filing a motion to strike as well as a motion for order compelling mental examination. Appellee's attorney (the first of three) filed a motion for leave to withdraw, but had an amended notice of hearing served on appellee. A hearing on all pending motions was held, but appellee did not appear. At that time, the trial court granted the motion of appellee's counsel for leave to withdraw, rescheduled the hearing and mailed a copy of the order to appellee by certified mail. The receipt was returned, marked "unclaimed".
The hearing, as rescheduled, was held but appellee again failed to appear. The trial court thereupon granted several of appellant's motions to strike and ordered appellee to appear for a mental examination, or, in the alternative, to amend his pleadings to eliminate the insanity defense. Although the sheriff served a copy of the order on appellee, he did not comply with the terms of the order. Consequently, appellant filed a motion for imposition of sanctions. At the hearing on that motion, which appellee did not attend, the trial court entered its order striking the answer and defenses and entering default judgment.
Six weeks subsequent to the entry of the default judgment, appellant served appellee with a copy of her motion for final judgment to which were attached affidavits as to the unliquidated damages. The day that the final judgment was filed, appellee's second counsel filed a request for hearing and motion to set aside default. Six months later, appellee's third (and present) attorney filed a motion to vacate final judgment and attached an exhibit relating to damages. In granting the motion to vacate final judgment, the trial court did not vacate the default which had been previously entered.
A party may move to vacate a final judgment pursuant to Fla.R.Civ.P. 1.540(b)(1) which provides that "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * (4) the judgment or decree is void * * *." The term "mistake" found in the rule may be either a mistake of the party or of the court.
In the case sub judice, it could well have been determined that a mistake was made in not granting appellee a jury trial on the issue of unliquidated damages. Where, as here, plaintiff duly makes a request in the complaint for jury trial, a defendant, even after a default judgment is entered, is entitled to notice and an opportunity to participate in the trial on damages. Riley v. Gustinger, 235 So.2d 364 (Fla. 3rd DCA 1970); Moore v. Boyd, 62 So.2d 427 (Fla. 1962). The rationale behind the holding of those cases appears to be that after a jury trial is requested, a defendant may intentionally permit a default to be entered against him and place his confidence in the jury system, being confident that a jury will reasonably assess damages. The right to a jury trial remains one of the most fundamental guarantees. Its importance is underscored by Fla.R.Civ.P. 1.430(a): "The right of trial by jury as declared by the constitution or by statute shall be preserved to the parties inviolate." *1059 See also subsection (d) of Rule 1.430, to-wit: "A demand for trial by jury ... may not be withdrawn without the consent of the parties." (See also Fla.R.Civ.P. 1.500(e)).
Accordingly, relief granted pursuant to Rule 1.540 was properly afforded appellee. Even though the trial judge entered the order here appealed on another ground contained in Rule 1.540 (i.e., that the final judgment was void), the law is well settled that if a trial judge arrives at a correct conclusion albeit on an erroneous basis, his action will nevertheless be upheld by an appellate court. Jones v. Dove, 300 So.2d 758 (Fla. 1st DCA 1974). Therefore, the order appealed here is
AFFIRMED.
McCORD and MILLS, JJ., concur.