428 So.2d 671 (1982)
Anne ANSEL and Alvin Robins, Appellants,
v.
Craig A. KIZER and Debra V. Kizer, Appellees.
No. 82-893.
District Court of Appeal of Florida, Second District.
December 15, 1982.
*672 Kenneth A. Friedman of Pertnoy, Greenberg & Sobel, Miami, for appellants.
Harold Colee, Jacksonville, for appellees.
BOARDMAN, Acting Chief Judge.
Appellees Craig and Debra Kizer sued Land Services, Inc. and five individuals alleged to be its officers and directors, including appellants Anne Ansel and Alvin Robins, for damages arising out of the foreclosure by third parties upon property sold to the Kizers by Land Services by means of a false warranty deed. The complaint demanded a jury trial.
No answer was filed by Land Services, either of appellants, or one of the other individual defendants, and appellees obtained a default judgment against them. Later, based on appellees' motion for final judgment and their affidavit in support thereof, the trial court entered final judgment against these defendants in the amount of $9442.91.
A few weeks later, pursuant to Florida Rule of Civil Procedure 1.540, appellants moved to vacate the final judgment, alleging that the final judgment was void because it was entered without notice to appellants or their attorney. The trial court denied the motion to vacate, and this appeal followed timely.
Appellants argue on appeal that entry of the final judgment upon appellees' motion and affidavit was improper due to appellees' demand for jury trial, which was not withdrawn by consent of all parties. We agree. It is well settled that where a plaintiff has made a demand for jury trial, the defendant is entitled to a jury trial on the issue of damages even though a default has been previously entered against the defendant for failure to answer or otherwise plead. Fla.R.Civ.P. 1.430; Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA), cert. discharged, 165 So.2d 767 (Fla. 1964); Bader Bros. Van Lines, Inc. v. Jay, 183 So.2d 867 (Fla. 2d DCA 1966); Saunders v. Saunders, 346 So.2d 1057 (Fla. 1st DCA 1977). Despite appellees' contention on appeal that their damages were liquidated, there is nothing in the record to support this assertion.
We find no merit to the other point raised by appellants.
Accordingly, the final judgment is REVERSED and the cause REMANDED for jury trial on the issue of compensatory damages.
SCHEB and SCHOONOVER, JJ., concur.