423 So.2d 1002 (1982)
Maria BARRIOS, Appellant,
v.
James DRAPER and Industrial Fire & Casualty Company, Appellees.
No. 82-1123.
District Court of Appeal of Florida, Third District.
December 28, 1982.
*1003 Richard B. Burke, Miami, for appellant.
Goodhart & Rosner, and Mauricio J. Ejenbaum, Miami, for appellees.
Before BARKDULL, HENDRY and NESBITT, JJ.
NESBITT, Judge.
This is an appeal from an order granting the defendants' motion for relief from a final judgment. We reverse.
Based upon the fifth district's decision, in Dillon v. Chapman, 404 So.2d 354 (Fla. 5th DCA 1981), holding that the permanent injury requirement of the no fault statute was unconstitutional, the plaintiff recovered a judgment upon a special interrogatory verdict which found no permanent injury. No appeal was filed by the defendant. Thirty-six days after entry of the final judgment, the supreme court reversed the fifth district's decision. See Chapman v. Dillon, 415 So.2d 12 (Fla. 1982). Four days later, the defendant filed his motion for relief from final judgment.
A party seeking relief from judgment based on a mistake of law has two alternatives. He may file a motion pursuant to Florida Rule of Civil Procedure 1.530(g) within ten days after entry of the final judgment or file an appeal within thirty days. See Fiber Crete Homes, Inc. v. Division of Administration, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975); Keller v. Belcher, 256 So.2d 561 (Fla. 3d DCA 1971), cert. denied, 280 So.2d 682 (Fla. 1972). Having failed to avail themselves of either of these alternatives, the defendants are precluded from relief.
Accordingly, we reverse the order vacating the judgment with directions to reinstate the final judgment in favor of the plaintiff.