428 So.2d 707 (1983)
Rene Jose AOUN, Appellant,
v.
Jane D. AOUN, Appellee.
No. 81-1712.
District Court of Appeal of Florida, Third District.
March 1, 1983.
Rehearing Denied April 13, 1983.
*708 James A. Baccus, Miami, for appellant.
Richard R. Snyder, Coral Gables, for appellee.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Where the Petition for Dissolution which was served upon defendant-husband, and upon which the case was tried in his absence, did not seek an adjudication of rights to personal property, the court was without jurisdiction to include in the final judgment an award of specific items of jewelry, and to find the husband in contempt, years later, for failure to deliver the jewelry to the former wife. Where the issue of rights to personal property is not before the court in the proceeding to dissolve a marriage, the parties are at liberty to litigate the matter in a separate lawsuit. Haas v. Haas, 421 So.2d 664 (Fla. 3d DCA 1982); Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973).
Appellant claims, almost three years later, that the trial court erred in entering a final judgment which required that support for the minor child continue past the age of eighteen. No appeal was taken from the judgment.
A party seeking relief from judgment based on a mistake of law has two alternatives. He may file a motion pursuant to Florida Rule of Civil Procedure 1.530(b) within ten days after entry of the final judgment or file an appeal within thirty days. See Barrios v. Draper and Industrial Fire and Casualty Company, 423 So.2d 1002 (Fla. 3d DCA 1982); Fiber Crete Homes, Inc. v. Division of Administration, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975); Keller v. Belcher, 256 So.2d 561 (Fla. 3d DCA 1972), cert. denied, 280 So.2d 682 (Fla. 1973). Having failed to avail himself to either of the alternatives, appellant is precluded from relief on the claim that the child support arrearage is excessive.[1]
The Final Judgment for Civil Contempt is reversed; the Final Money Judgment and Order on Husband's Petition to Modify and Wife's Motion to Enforce Final Judgment are affirmed.
NOTES
[1] Appellant's petition to modify the final judgment pursuant to Section 61.14, Florida Statutes (1981) was granted, effective the date of the hearing, on a showing by appellant that the child had attained majority and was not dependent.