FERGUSON, Judge.
This appeal is from a judgment on the pleadings entered for defendants/cross-claimants in an eminent domain proceeding.
On April 19, 1965, the then county probate court entered an order distributing the estate of Theophilus Sands, consisting of a single family dwelling, to his son Aaron Sands who is the appellant. The appellees, who are sisters and brothers of Aaron, had executed waivers in February, 1965 whereby they ostensibly disclaimed any right to the estate of their father and requested the court to order distribution of the entire estate to Aaron.
In 1982, the county commenced eminent domain proceedings against the property now occupied by Aaron, his sister Vernan-cha and her husband, William Dawson. The county named as defendants the sisters and brothers as well as Aaron. Appellees, sisters and brothers, cross-claimed asserting that by executing the 1965 waivers they did not intend to convey title to real estate, but rather simply did it “as a convenience to enable Aaron to consummate a mortgage refinancing transaction respecting the premises.. .. ”
After a hearing the court granted appellees’/cross-claimants’ motion for judg *1038 ment on the pleadings.[1] The sole ground for the ruling is set forth in paragraph three of the judgment:
3.- The instruments styled “Waiver of Rights to Estate” executed by the Cross-Plaintiffs and filed in the Estate of Theo-philus Sands, being Case No. 65568-B in the County Judges Court in and for Dade County, Florida, each lack two subscribing witnesses as required by Florida Statutes, Sec. 689.01, and therefore were ineffective to release the proprietary interests of the Cross-Plaintiffs in favor of the Cross-Defendant in and to the above-described [sic] property.
The claimed inefficacy of the waiver instruments does not go to the court’s jurisdiction and cannot be relied upon to collaterally attack a judgment eighteen years later. See In Re Estate of Kant, 272 So.2d 153, 156 (Fla.1972); In Re Begg’s Estate 152 Fla. 277, 12 So.2d 115 (Fla.1943) (where the court has jurisdiction of the subject matter and the parties, the judgment or decree entered is binding and not subject to collateral attack even though errors or irregularities of procedure exist). If the waivers, which were incorporated into the order of distribution, were legally defective, the aggrieved parties-in-interest were obligated to file a timely motion for rehearing or motion to amend judgment, or to take an appeal within thirty days. Having failed to do either they are now precluded from setting aside the order. See Aoun v. Aoun, 428 So.2d 707 (Fla. 3d DCA 1983); Barrios v. Draper, 423 So.2d 1002 (Fla. 3d DCA 1982); Fiber Crete Homes, Inc. v. Division of Administration, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975); Keller v. Belcher, 256 So.2d 561 (Fla. 3d DCA 1971), cert. denied, 280 So.2d 682 (Fla. 1972).
Reversed and remanded for further proceedings.

. No less than two grounds were argued, to the trial court and here, in support of the motion: (1) the instruments purporting to waive interest in the estate are without legal efficacy, (2) the county court was without jurisdiction to enter an order distributing the estate of the deceased. We rule only on the first ground because it is the only stated basis for the judgment.
. We have suggested strongly nonetheless that the second ground is also baseless. In Grapes v. Mitchell, 159 So.2d 465 (Fla.1963), a factually similar case heavily relied upon by appellees, the court did not invalidate the distribution even though the waivers were defective, but instead imposed a resulting trust after a factual finding that it reflected the parties’ intent. Another case relied upon by appellees, In Re Estate of Feldman, 109 So.2d 407 (Fla. 2d DCA 1959), is distinguishable. In Feldman it was the fact that real property claims were based on an extrinsic instrument (a settlement agreement in a contested will case), itself the subject of a dispute in the county probate court, which divested that court of jurisdiction over the subject matter. In the instant case the county probate court was not without jurisdiction to order distribution where, at the time the matter was before the probate judge, all the potential beneficiaries were in agreement that there were no disputed claims.