THOMPSON, Judge.
Bogan, the defendant below, appeals an order granting appellees’ motion for new trial in a negligence action in which the appellees were awarded $15,000 total damages. We reverse.
Bogan contends the trial court erred in granting appellees’ motion for new trial on the grounds that the trial court had improperly refused to admit the deposition of Dr. Russell C. Packard into evidence. We agree that the trial court correctly refused to admit the doctor’s deposition in evidence and that it was error to grant a new trial because of that refusal.
David and Linda Sue Kreski filed suit against Clarine and R.C. Bogan for damages resulting from an automobile accident occurring on March 9, 1988. On March 30, appellees filed a motion for default alleging the defendants had failed to timely serve any pleadings in the action and a default was entered against the defendants by the clerk of the court. A week later appellees filed a notice and motion for trial. On May 26 the cause was set for jury trial on June 20. On June 6 appellees noticed the taking of the deposition of Dr. Packard on June 7. Danny L. Kepner filed a notice of appearance on behalf of the defendants on June 16, and on the same date the appellees filed a notice of voluntary dismissal of the defendant R.C. Bogan. On June 20 Kepner filed a notice of special appearance for the purpose of arguing Mrs. Bogan’s motion *1133 for continuance which was filed concurrently with the notice. The motion for continuance argued that due to inadvertence and confusion resulting from the consolidation of Mrs. Bogan’s liability insurer’s two claims services offices, the case had not been timely assigned to defense counsel. The motion also asserted that all settlement offers had been rejected and that it was impossible to prepare for trial in the time remaining. The motion was denied. On the same date the appellees filed a Pre-trial Memorandum explaining the factual nature of their claim and listing their exhibits and six witnesses to be called at trial. An Amendment to the Pretrial Memorandum added the names of two more witnesses, including Dr. Packard. Also on June 20 a jury was selected and Mr. Kep-ner asked that he be permitted to depose Linda Kreski prior to trial on June 24, pointing out that he had been unable to participate in any discovery because it had already terminated prior to his entry into the case. The court agreed to allow the deposition.
The case proceeded to a jury trial June 24 before Judge Tarbuck who was sitting on the case for the first time. At trial the appellees sought to enter Dr. Packard's deposition into evidence. The defendant objected, arguing that she had been given inadequate notice regarding the taking of the deposition since notice was mailed June 6 for the June 7 deposition. The trial court sustained the objection and excluded the deposition. The jury found in favor of the appellees and awarded Linda Kreski $10,-000 and David Kreski $5,000. Appellees filed a motion for new trial arguing, inter alia, that the court erred in refusing to admit Dr. Packard’s deposition into evidence. The trial court agreed and entered an order granting a new trial, holding that the Kreskis should not have been precluded from introducing Dr. Packard’s deposition as the defaulted defendant was not entitled to notice of it, and that the defendant had had adequate time between the time defense counsel was retained on June 14 and the trial on June 24 within which to seek cross-examination of Dr. Packard.
Fla.R.Civ.P. 1.310(b) requires that a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. It is uncontroverted that the notice of deposition was mailed the day before the deposition was scheduled and could not have been received before the day of the deposition. The notice therefore could not constitute reasonable notice as required by the rule. The next question is whether the judge correctly ruled that because Bogan was in default, she was not entitled to notice of the deposition. Normally no service of pleadings needs to be made on parties against whom a default has been entered. Fla.R.Civ.P. 1.080(a). However, Fla.R.Civ.P. 1.440(c) provides in part, “In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with Rule 1.080(a).”
Although pleadings normally do not have to be served on a party in default it is clear from Rule 1.440(c) that an order setting a case for trial is an exception to the normal rule. The purpose of the rule is to enable the defaulted parties to exercise their right to defend on the issue of damages. Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980); Saunders v. Saunders, 346 So.2d 1057 (Fla. 1st DCA 1977). The purpose of the testimony of Dr. Packard was to establish the injuries and damages sustained by the Kreskis. Unless reasonable notice is given to a defaulted party of the taking of a deposition of a witness testifying on the issue of liquidated damages, that party is deprived of his or her right to defend on that issue if the deposition is introduced into evidence at trial. Such lack of notice has a similar effect as the failure to give notice of a trial involving the issue of unliquidated damages as it deprives a defaulted party of his or her right to defend on the issue of unliquidated damages. The purpose of Rule 1.440(c) cannot be defeated by taking depositions on the issue of unliquidated damages without notice and introducing them into evidence at a properly noticed trial to assess damages.
*1134 The order granting a new trial is REVERSED.
SMITH and MINER, JJ., concur.