571 So.2d 443 (1990)
Arnaldo CURBELO, M.D., Petitioner,
v.
Howard F. ULLMAN, Respondent.
No. 75125.
Supreme Court of Florida.
December 6, 1990.
Manuel R. Morales, Jr. of Manuel R. Morales, Jr., P.A., Miami, for petitioner.
James C. Blecke, Miami, for respondent.
EHRLICH, Justice.
We review Ullman v. Curbelo, 550 So.2d 1178 (Fla. 3d DCA 1989), because of conflict with Saunders v. Saunders, 346 So.2d 1057 (Fla. 1st DCA 1977), and Ansel v. Kizer, 428 So.2d 671 (Fla. 2d DCA 1982). We have jurisdiction, article V, Section 3(b)(3), Florida Constitution, and approve the decision below.
*444 This case involves the question of whether Florida Rule of Civil Procedure 1.540[1] is a proper vehicle to set aside a judgment for money damages entered at a non-jury trial when a jury trial was originally requested and not subsequently waived.
Respondent Howard F. Ullman ("Ullman"), as the personal representative of the estate of Francia Perez, deceased, brought a medical malpractice wrongful death action against Dr. Arnaldo Curbelo ("Curbelo"). Ullman's complaint included a demand for trial by jury pursuant to Florida Rule of Civil Procedure 1.430. A default judgment was entered against Curbelo for failure to answer. After notice was given to all parties, Curbelo appeared pro se at a non-jury trial on the issue of damages. A final judgment was entered in favor of Ullman on December 1, 1988.
Curbelo retained counsel and on February 22, 1989 moved for relief from judgment pursuant to rule 1.540 on several grounds, including: 1) that the judgment was entered after nonjury trial by mistake and inadvertence, allowing for relief under rule 1.540(b)(1), and 2) that the judgment was void because it was entered at a nonjury trial when a jury trial had been demanded in the complaint, allowing for relief under rule 1.540(b)(4). The circuit court granted the motion for relief from judgment, declaring the final judgment null and void.
On appeal, the Third District Court of Appeal reversed and remanded to the circuit court with directions to reinstate the final judgment. The court reasoned that the proper vehicle for asserting error under these circumstances is by appeal, not by a motion to set aside judgment pursuant to rule 1.540. Ullman, 550 So.2d at 1178. Curbelo argues that this decision is contrary to the decisions of the First District Court of Appeal in Saunders and the Second District Court of Appeal in Ansel, as well as the Third District's own decision in Employee Benefit Claims, Inc. v. Diaz, 478 So.2d 379 (Fla. 3d DCA 1985). In each of these cases, relief from judgment under rule 1.540 was granted where a judgment for damages was entered after a non-jury determination although the defendant had not waived his right to a jury trial.
Before we reach the question of whether rule 1.540 was properly utilized in this case, we reject Ullman's argument that Curbelo waived his right to jury trial on the issue of damages. When a jury trial has been requested by the plaintiff, the defendant is still entitled to a jury trial on the issue of damages even though a default has been entered against the defendant for failure to answer or otherwise plead. Loiselle v. Gladfelter, 160 So.2d 740 (Fla.3d DCA), cert. discharged, 165 So.2d 767 (Fla. 1964). Moreover, a demand for trial by jury may not be withdrawn "without the consent of the parties." Fla.R.Civ.P. 1.430(d). The parties' consent to waiver must be manifested by affirmative action such as "a specific waiver in writing or by announcement in open court." Barth v. Florida State Constructors Serv., Inc., 327 So.2d 13, 15 (Fla. 1976). Thus, because there was no affirmative manifestation, we agree with Curbelo that he did not waive his right to jury trial. However, we cannot agree that rule 1.540 is the proper vehicle for asserting this error.
As correctly noted by the Fourth District Court of Appeal in Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492, 493 (Fla. 4th DCA 1975), "[r]ule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances." This rule was not "intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error." Id. The court's error in determining damages without a jury was not the type of judicial "mistake" for which relief is available under subdivision (b)(1) of the rule; nor did the failure to *445 provide a jury trial on damages result in a void judgment, allowing for relief under subdivision (b)(4).
Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a "mistaken view of the law" is not one of the circumstances contemplated by the rule. Fiber Crete Homes, 315 So.2d at 493; see also In re Estate of Beeman, 391 So.2d 276 (Fla. 4th DCA 1980); Constant v. Tillitson, 214 So.2d 91 (Fla. 1st DCA 1968). In the instant case, the trial court's error in permitting a non-jury determination of damages when the right to jury trial had not been waived was a mistake of law which must be appealed. Thus, Curbelo's argument that relief should be granted under rule 1.540(b)(1) based upon judicial mistake is without merit.
We now turn to the question of whether the damage judgment was void and thus subject to collateral attack under rule 1.540(b)(4). It is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void. State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324 (1943). In the instant case, the court had jurisdiction and Curbelo not only received notice of the non-jury proceedings, but also participated in the proceedings. Therefore, the judgment was not void, and could not be properly remedied under rule 1.540(b)(4).
The decisions in Ansel and Employee Benefit Claims, which are relied upon by Curbelo, are not inconsistent with this conclusion. In Ansel, the rule 1.540 motion alleged that the final judgment was void "because it was entered without notice to appellants or their attorney." 428 So.2d at 672. Thus, Ansel turned on the issue of notice and participation rather than on the right to a jury trial. The per curiam opinion in Employee Benefit Claims gives no facts about the issue of notice.
In Saunders, a final judgment after default was entered on affidavit and without trial of any sort, but the defendant did receive notice of the proceedings. The trial court granted relief from judgment under rule 1.540 on the basis that the judgment was void. The First District Court of Appeal held that relief was properly granted under rule 1.540 even though the trial judge arrived at the conclusion on an erroneous basis. 346 So.2d at 1059. The Saunders court does not clearly discuss the rationale for granting relief under rule 1.540, but states that "it could well have been determined that a mistake was made in not granting appellee a jury trial on the issue of unliquidated damages." Id. at 1058.
In the instant case, Curbelo had notice of the proceedings and had ample time to move for a new trial or file a notice of appeal. As long as Curbelo had these regular avenues of relief available to him, he was not denied due process. See Williams v. New Orleans Public Serv., Inc., 728 F.2d 730 (5th Cir.1984); Fehlhaber v. Fehlhaber, 681 F.2d 1015 (5th Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983); see also 5 J. Moore & J. Lucas, Moore's Federal Practice § 38.19 (2d ed. 1988) (error as to mode of trial in default case is not so fundamental as to be basis for collateral attack). However, Curbelo did not pursue these available avenues and, in essence, sought to use rule 1.540 as a substitute for timely appeal.
Accordingly, we approve the decision below and disapprove Saunders, Ansel and Employee Benefit Claims to the extent that they authorize relief pursuant to rule 1.540 when a judgment for damages is entered non-jury after a jury trial was demanded and not waived but the parties were given notice of the proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Rule 1.540(b) provides in pertinent part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... (4) the judgment or decree is void; ... .