645 So.2d 184 (1994)
Oscar Vila MASOT, Appellant,
v.
HOTELES DORAL, C.A., et al., Appellee.
No. 94-1352.
District Court of Appeal of Florida, Third District.
November 23, 1994.
Oscar J. Vila, III, Miami, for appellant.
No appearance for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
Oscar Vila Masot (Masot) seeks reversal of a lower court order vacating the final summary judgment it had issued in his favor. We reverse.
In this action, Hoteles Doral, C.A. (Hoteles) brought suit against Masot for alleged breach of his fiduciary duties while acting as President and Chairman of the Board of Hoteles. When Hoteles' counsel moved to withdraw, the trial judge ordered Hoteles to find new counsel within 30 days. Hoteles indicated that the parties should send all correspondence to its Venezuelan address during this 30-day interim. Hoteles failed to secure counsel within the thirty day period, and Masot filed a motion for summary judgment.
The lower court judge, after a hearing, granted summary judgment in favor of Masot. Hoteles never appeared at the hearing because, they claim, they never received the notice of hearing due to the unreliability of Venezuelan mail service. Hoteles also asserted that it notified the Clerk of Court that all correspondence should be sent to its former counsel in Miami, in order to avoid the Venezuelan mail altogether. Hoteles apparently never notified Masot of this address change.
*185 As soon as Hoteles found out about the default summary judgment, it filed a motion to vacate it, arguing excusable neglect as provided in Florida Rule of Civil Procedure 1.540. The trial judge granted Hoteles' motion after a hearing, and Masot asks us to reverse this vacation.
The issue before us is whether Hoteles presented sufficient evidence of excusable neglect to prevail on its Rule 1.540 motion. "Failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties; the law requires certain diligence of those subject to it, and this diligence cannot be lightly excused." John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA) cert. denied, 389 So.2d 1113 (Fla. 1980). Hoteles, the plaintiff in the action below, failed to obey the court's order to secure new counsel within thirty days, and subsequently failed to provide an adequate address for the timely continuation of the litigation it initiated. Hoteles has additionally failed to diligently participate in the instant proceedings. We find that Hoteles has not rendered a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of final summary judgment.
Accordingly, we reverse the order vacating final summary judgment.