PER CURIAM.
Emmitt Farrow appeals a final judgment of forfeiture. We reverse and remand for further proceedings.
Appellant was arrested on May 9, 1996. His vehicle was seized ,at the time of his arrest. On August 26, 1998, the appellee, Perry Police Department, filed an action for forfeiture of the vehicle under chapter 932, Florida Contraband Forfeiture Act. On October 6,1998, the trial judge entered an order finding probable cause and directing appellant to file an answer or response. On October 15, 1998, appellant filed a response in which he asserted ap-pellee had not complied with the requirements of section 932.703 for timely notification and filing of a complaint.
On October 22, 1998, appellee filed a notice of serving the following interrogatories:
1.At the time of your arrest on May 9, 1996, you were found to be in possession of crack cocaine, cannabis, and cannabis seeds. Please state the source from which you obtained the following:
(a) the crack cocaine
(b) the cannabis
(c) the cannabis seeds.
2. Please state all crimes of which you were either found guilty or to which you entered a plea of guilty or nolo contendere, including in this listing all cases in which you were either adjudicated guilty or in which adjudication was withheld, including also the date and jurisdiction of each conviction.
3. Please give the full name, telephone number, and address for each person that you will be calling at trial.
4. Please set forth all defenses to which you believe that you are entitled in this action.
Appellant responded to the interrogatories by letter, in which he objected to the interrogatories and asserted:
1. This questions are related completely to the criminal activity for what I was charged and such was disposed of at the time I entered into a plea agreement, sentenced and for what I am currently incarcerated.
2. The forfeiture proceeding your office untimely initiated is civil in nature and has nothing to do with the line of your questionary.
3. The defense or defenses to my pleading has been raised on my response to your complaint and are based as a matter of law and according to the Florida Contraband Forfeiture Act and Florida Statutes in the time in which your office filed the forfeiture complaint.
4. Your interrogatory is irrelevant.
Appellee filed a motion to compel discovery. The trial judge entered an order compelling discovery, indicating he had reviewed the interrogatories and found the discovery demanded was relevant and ap-pellee was entitled to the discovery de *1265 manded. Appellant was ordered to make a proper response under oath within 20 days. The order provided: “evasive or incomplete answers shall be treated as a failure to answer. Failure to comply with this Order shall subject the Respondent to the penalties prescribed in Rule 1.380, Fla. R. Civ. P.” Appellant subsequently submitted responses to the interrogatories. To the first two interrogatories, his response was “N/A.” Appellant made no response to third interrogatory. Appellant’s response to the last interrogatory was: “The re-spondeni/Claimant alleges that he purchased this vehicle through employment and that this vehicle was not brought with drug proceeds.” In a motion for transportation filed on the same day as his responses, appellant asserted that he had filled out the interrogatories as best he knew how, and that he did not care to answer anything that may incriminate him considering he did not have an attorney and was not familiar with the law.
Appellee filed a motion for sanctions, noting the responses were unsworn and not proper. The trial judge entered an order striking all pleadings previously filed by appellant and entering default judgment in favor of appellee. The trial judge stated in the order: “The criminal matters from which this civil action arose have been disposed of and there are no 5th Amendment issues to consider.... The responses and/or lack of responses by the Respondent, Emmitt Farrow, constitute a willful failure and a deliberate refusal to comply with the rules of discovery and the Order of this Court.”
As previously recognized in Clark v. Lake City Police Department, 723 So.2d 901, 902-903 (Fla. 1st DCA 1999), “orders striking pleadings should contain specific findings of a willful failure or deliberate refusal to comply with discovery. ... Absent evidence of a willful failure to comply or extensive prejudice to the opposition, however, the granting -of such an order constitutes an abuse of discretion. It also has been found to be an abuse of discretion to strike pleadings ... where there is only a single failure to comply which did not result in extreme prejudice to the other side.” (Citations omitted).
In the instant case, there had only been one court order concerning discovery. Appellant responded to the order. Although appellant’s response of “N/A” to the first two interrogatories was vague, his position with regard to the first interrogatory was clear in the context of other documents filed and appellee was not severely. prejudiced by appellant’s responses. Appellant’s failure to respond to the third interrogatory indicated he did not intend to call any witnesses, and would preclude him from doing so at trial. Appellant responded to the fourth interrogatory. Appellant raised two viable defenses or objections to the forfeiture of his vehicle, that the vehicle was not acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act and that appellee had failed to comply with procedural requirements of chapter 932. Under these circumstances, the trial court erred in striking appellant’s pleadings and entering a default. We therefore reverse and remand for further proceedings.
BARFIELD, C.J., ERVIN and WOLF, JJ„ CONCUR.