LEVY, Judge.
Dr. Braulio L. Sabates and Pan American Hospital (collectively, “defendants”) appeal from a trial court Order granting Carlos and Mariselys Padron’s (“plaintiffs”) Motion for Relief of Orders Granting Motion to Dismiss.
Orders of dismissal were entered against plaintiffs after the trial court found that the plaintiffs willfully failed to respond to defendants’ discovery requests, failed to comply with an Order requiring that plaintiffs secure new counsel within 30 days, failed to provide a proper address and failed to follow up on the lawsuit, which they initiated, for approximately *1149 nine months. Plaintiffs subsequently filed a Motion for Relief of Orders Granting Motions to Dismiss pursuant to Florida Rule of Civil Procedure 1.540(b)(1) which allows for relief from Judgments or Orders where the moving party can show “mistake, inadvertence, surprise, or excusable neglect”. Fla. R. Civ. P. 1.540(b)(1). The Order granting plaintiffs’ Motion for Relief from Judgment, however, vacates the Orders of dismissal under the mistaken impression that a finding of willfulness was not made. Accordingly, we reverse.
At the hearing on plaintiffs’ Motion for Relief, plaintiffs argued that the said Orders of dismissal were defective because they did not contain a finding that the plaintiffs’ conduct was willful. The trial judge indicated that if, in fact, the Orders of dismissal lacked such a finding, the court would vacate the Orders. Said Orders were ultimately vacated. However, a review of the record reflects that the trial judge proceeded under the mistaken belief that the Court failed to make the required finding that plaintiffs’ actions or inactions were willful and deliberate. Contrary to the trial judge’s findings, the Orders of dismissal clearly reflect a finding that the conduct of the plaintiffs,’ which was the basis of the Orders of dismissal, was willful.
Plaintiffs’ Complaint was dismissed pursuant to Florida Rule of Civil Procedure 1.380(b)(2)(C) which gives the trial court discretion to strike pleadings, dismiss a claim or action, or render a judgment by default against a disobedient party. See Fla. R. Civ. P. 1.380(b)(2)(C). Dismissal pursuant to this provision requires that the trial court make specific findings of a willful failure or deliberate refusal to comply with discovery, i.e., “a deliberate and contumacious disregard of the court’s authority.” Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (citations omitted); see also Farrow v. Perry Police Dept., 744 So.2d 1263, 1265 (Fla. 1st DCA 1999); Lent v. Baur Miller & Webner, P.A, 710 So.2d 156 (Fla. 3d DCA 1998). In its Orders dismissing the Complaint, the trial court noted that plaintiffs had not responded to outstanding discovery, including an Order compelling discovery, and that plaintiffs had not filed a Notice of Appearance of New Counsel nor anything indicating whether they were going to proceed pro se. Accordingly, the trial court found “that Plaintiffs have willfully failed to comply with th[e] Court’s Orders .”
In Masot v. Hoteles Doral, C.A., 645 So.2d 184 (Fla. 3d DCA 1994), a case instructive to the one before us, this Court reversed a lower court Order vacating a final summary judgment after finding that plaintiff failed to make the required showing of mistake, inadvertence or excusable neglect. See Masot, 645 So.2d 184. In Masot, Hoteles brought suit against Masot for alleged breach of fiduciary duties while he was on the Board of Hoteles. Subsequently, Hoteles’ counsel moved to withdraw and Hoteles was given 30 days to seek new counsel. Hoteles indicated that during the 30-day interim any correspondence should be sent to its Venezuelan address. Hoteles did not secure counsel within the 30-day period. Masot filed a Motion for Summary Judgment. After a hearing, the court granted Summary Judgment in favor of Masot. Hoteles thereafter filed a Motion to Vacate the Judgment citing excusable neglect. Hoteles asserted that it did not appear at the hearing because they never received the notice of hearing due to the unreliability of the Venezuelan mail service. Hoteles further alleged that it notified the Clerk of Court that correspondence should be sent to its former counsel to avoid Venezuelan mail. However, Masot was never advised of the address change. The trial court granted Hoteles’ motion after hearing. On appeal, this Court noted that “[fjailure of a party to take the required steps necessary to protect its own interest, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties; the law requires certain diligence of those subject to it, and this *1150 diligence cannot be lightly excused.” Masot, 645 So.2d at 185 (quoting John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA 1980)).
This Court found that Hoteles failed to obey the court’s Order to secure new counsel within thirty days, failed to provide an adequate address for the timely continuation of the litigation it initiated, and failed to diligently participate in the proceedings. See Masot, 645 So.2d at 185. Accordingly, the Court held that Hoteles did not make a sufficient showing of mistake, inadvertence, surprise or excusable neglect and reversed the Order vacating final summary judgment. See Masot, 645 So.2d at 185; see also Fischer v. Barnett Bank of South Fla., 511 So.2d 1087 (Fla. 3d DCA 1987) (failure to monitor, or have someone monitor mail for pending suit, is inexcusable and grossly negligent). Similarly, in the instant case, the court found, and specified in the Orders of dismissal, that plaintiffs failed to secure counsel within the 30-day period, failed to provide a proper address, and failed to follow up on the lawsuit, which they initiated, for approximately nine months. Accordingly, plaintiffs here are also unable to show mistake, inadvertence, surprise, or excusable neglect.
Accordingly, we find that the trial court made specific findings of willfulness in the Orders of dismissal, which findings are supported by the Record and reverse the Order vacating the previous Orders of dismissal, entered under the mistaken belief that the Orders of dismissal were deficient.
Reversed.
LEVY and FLETCHER, JJ„ concur.