788 So.2d 402 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Bhoodram RAMJIT and Ethel Ramjit, Appellees.
No. 3D00-3508.
District Court of Appeal of Florida, Third District.
July 5, 2001.
Powers, McNalis, Moody & Groelle and Mark A. Greenberg, Fort Myers, for appellant.
Michael E. Hampden, Plantation, for appellees.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Allstate Insurance Company appeals an order granting relief from judgment. We conclude that the order must be reversed.
Bhoodram Ramjit and Ethel Ramjit filed suit against their insurer, Allstate Insurance Company, regarding a Hurricane Andrew claim. On March 1, 2000, *403 the trial court dismissed the case for failure of plaintiffs to provide discovery. Plaintiffs did not move for rehearing, or appeal.
Six months later, in August 2000, plaintiffs filed a motion to vacate the dismissal, contending that the plaintiffs had, in fact, complied with the insurer's discovery requests. The trial court granted the motion to vacate, and reinstated the case. The insurer has appealed.
The plaintiffs' motion to vacate the dismissal order was, in substance, a motion for relief from judgment under Florida Rule of Civil Procedure 1.540. The plaintiffs argue that Rule 1.540(b) authorizes relief from judgment where there has been a "mistake." Fla. R. Civ. P. 1.540(b)(1). Plaintiffs urge that there was a "mistake" in this case. Plaintiffs contend that the trial court misapprehended the state of the record and that the plaintiffs were in compliance, or substantial compliance, with the outstanding discovery requests.
Unfortunately, this type of error does not qualify as a "mistake" for purposes of Rule 1.540(b). As stated in Curbelo v. Ullman, 571 So.2d 443 (Fla.1990), "Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a `mistaken view of the law' is not one of the circumstances contemplated by the rule." Id. at 445 (citations omitted); see also Masot v. Hoteles Doral, C.A., 645 So.2d 184, 185 (Fla. 3d DCA 1994). As the Curbelo court explained, "Curbelo had notice of the proceedings and had ample time to move for a new trial or file a notice of appeal. As long as Curbelo had these regular avenues of relief available to him, he was not denied due process." 571 So.2d at 445 (citations omitted). Similarly here, the plaintiffs' remedy was to file a timely motion for rehearing, or appeal. A Rule 1.540 motion was not available under these circumstances.
Accordingly, we have no alternative but to reverse the order now under review.
Reversed.