977 So.2d 786 (2008)
Stavros MOFORIS, Appellant,
v.
Renee M. MOFORIS, Appellee.
No. 4D06-4556.
District Court of Appeal of Florida, Fourth District.
April 2, 2008.
Nancy A. Hass of Nancy A. Hass, P.A., Hallandale Beach, for appellant.
Howard T. Sutter of Boyd & Sutter, P.A., Jacksonville, for appellee.
DAVIDSON, LISA, Associate Judge.
The trial court vacated its order approving the modification of the parties' visitation. The former husband appeals this ruling.
In 2004, the parties obtained a final judgment dissolving their marriage. The final judgment of dissolution of marriage approved and incorporated a settlement agreement and addendum that the parties had entered. Article XX of the addendum to the parties' settlement agreement provided: "The parties agree that no modification or waiver of any of the terms of this Settlement Agreement shall be valid unless in writing and executed with the same formalities as this Settlement Agreement *787 or Court order in accordance with the terms of this Agreement."
In their settlement agreement, the parties agreed to share parental responsibility for the two minor children, with the wife having primary residential custody. The agreement gave the former husband liberal and frequent contact with the children. It provided a time sharing schedule that included extended overnight weekend visitation, extended holiday visitation, and three uninterrupted weeks during the summer.
The former husband sent a certified letter to the former wife in March 2005 purporting to confirm changes that the former husband believed the parties had made to his visitation schedule. The letter stated that the former husband would have additional visitation with the children every Sunday overnight and every Thursday overnight after the former husband's regular weekend visitation with the children. In August 2005, the parties signed an agreement acknowledging these changes in visitation. The former husband then retained counsel who filed a motion for entry of an order adopting and ratifying the modification agreement signed by the parties. The former husband's counsel sent a letter to the former wife informing her of the former husband's intention to obtain such a court order. A copy of the notice of hearing was included with the letter. The hearing on the former husband's motion was held on the court's motion calendar on September 29, 2005. The former wife did not attend the hearing. The trial court entered an order adopting and ratifying the modification agreement.
Thereafter in April 2006, the former husband filed a petition to modify the final judgment to name himself as the primary residential parent and to determine the parties' respective child support obligations based on the changes in visitation implemented as a result of the September 29, 2005 order that adopted and ratified the modification agreement. The former wife retained counsel and filed an answer to the former husband's petition to modify the final judgment and marital settlement agreement. The former wife also filed a counter-petition for modification requesting an upward modification to the former husband's monthly child support obligation.
In September 2006, the former wife filed a motion pursuant to rule 1.540(b), Florida Rules of Civil Procedure, seeking to set aside the trial court's final order rendered September 29, 2005, that adopted and ratified the modification agreement. The trial court held a non-evidentiary hearing. The trial court found that the modification agreement was not valid as a matter of law, concluding it was not notarized, and therefore was contrary to Article XX of the addendum to the parties' settlement agreement. The court set aside the modification agreement and awarded attorney's fees to the former wife pursuant to the prevailing party fee clause in the original agreement.
The trial judge indicated that she made a mistake on September 29, 2005, by entering the final order adopting and ratifying the parties' agreement. The trial court explained that she would not have entered the modification order if she had seen the settlement agreement at the time she entered the order because the modification agreement did not have the requisite formality required by the addendum to the settlement agreement.[1]
If the court mistakenly entered the modification order, this is a judicial mistake. This is not the type of mistake *788 that may form the basis for relief under subsection (b) of Florida Rule of Civil Procedure 1.540.[2] Subsection (a) of rule 1.540 allows the trial court to correct errors "arising from oversight or omission . . . at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." The clerical mistakes referred to by subsection (a) are only "errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order." Byers v. Callahan, 848 So.2d 1180, 1184 (Fla. 2d DCA 2003) (quoting Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971)).
In Bolton v. Bolton, 787 So.2d 237, 238-39 (Fla. 2d DCA 2001), the Second District Court of Appeal wrote that "[a] trial court may correct a clerical error`at any time on its own initiative' pursuant to Florida Rule of Civil Procedure 1.540(a), but judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days after entry of the judgment pursuant to Florida Rule of Civil Procedure 1.530, or by appellate review." See also Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990); Paladin Props, v. Family Inv. Enters., 952 So.2d 560, 562 (Fla. 2d DCA 2007); Allstate Ins. Co. v. Ramjit, 788 So.2d 402, 403 (Fla. 3d DCA 2001); Aoun v. Aoun, 428 So.2d 707, 708 (Fla. 3d DCA 1983); Barrios v. Draper & Indus. Fire & Cas. Co., 423 So.2d 1002, 1003 (Fla. 3d DCA 1982); Fiber Crete Homes, Inc. v. Div. of Admin., Dep't of Transp., 315 So.2d 492, 493 (Fla. 4th DCA 1975). In Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla.1970), the Supreme Court of Florida rejected the argument that the trial court has jurisdiction to correct its own judgments at any time, explaining:
One of the goals of our system of jurisprudence is that litigation be finally terminated as quickly as due process and necessary reflection allows. To this end, we have provided in Florida Rule of Civil Procedure 1.530 that motions and petitions for correction of error by the trial court remade within ten days after rendition of the judgment or order. Unless a proper motion or petition is filed within the allotted time, the judgment or order of the trial court becomes absolute. Except as provided by Rules 1.530 and 1.540, Florida Rules of Civil Procedure, the trial court has no authority to alter, modify or vacate an order or judgment. If a motion to alter or vacate is timely filed, or if the trial court acts timely on its own initiative pursuant to Rule 1.530, the trial court's jurisdiction continues until the motion or petition is disposed of, or the rehearing or new trial is conducted, assuming one is ordered.
Id. at 3 (footnotes omitted).
Pursuant to rule 1.530(g), Florida Rules of Civil Procedure, the trial court had ten (10) days from the entry of its Final Order Adopting and Ratifying Parties' Agreement on September 29, 2005, by which to correct this final order if the trial court entered it by mistake. The lower court's order vacating the Order Adopting and Ratifying Agreement between the Parties Modifying Visitation is reversed.
*789 This matter is remanded for further proceedings consistent with the opinion.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] The record is unclear as to why the trial court did not see the settlement agreement.
[2] Rule 1.540(b) provides relief from the final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.