# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4022
Lower Tribunal No. 22-CA-004849

_____

ROBERT DALEY,

Appellant,

v.

ELEVATE ROOFING & EXTERIORS, INC.,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Keith R. Kyle, Judge.

April 2, 2026

TRAVER, C.J.

Robert Daley appeals the trial court's final foreclosure judgment. Defaulted below, Daley challenges for the first time on appeal a construction lien's validity and the trial court's damages award, which occurred without notice. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Daley's arguments against the lien's validity fail because he waited too long to raise them, and regardless, any errors in this context only render a resulting judgment voidable. But Daley's efforts to contest damages have some merit. Part of his damages was unliquidated, and the

trial court erred when it awarded Elevate Roofing & Exteriors, Inc. this amount in the absence of notice and an opportunity to be heard. That part of the final judgment is void, and we thus affirm in part, reverse in part, and remand for further proceedings.

Elevate Roofing sued Daley for construction lien foreclosure via a non-verified complaint. It alleged that it repaired Daley's roof under an assignment of insurance benefits. It then applied Daley's final insurance settlement to the balance owed. It claimed that what remained consisted of Daley's homeowner's insurance deductible and part of the initial payment his insurer sent directly to him. Elevate Roofing alleged that this figure, totaling $10,255.90, reflected "undisputed" money the insurer had allocated for roof repairs.

When Daley refused to pay his balance, Elevate Roofing recorded a lien against him and demanded payment. Obtaining none, Elevate Roofing sued, demanding "a jury trial on all issues triable." Daley again sat silent and Elevate Roofing obtained a clerk's default and moved for final default judgment, serving Daley with its motion.

The trial court entered a final foreclosure judgment, concluding Elevate Roofing's contract with Daley, and its lien against him, were both valid. It ordered a foreclosure sale to satisfy the sums Daley owed, which now included his deductible, prejudgment interest, attorney's fees, and the $10,255.90 from the

2

insurer's first payment. Before the foreclosure sale, Daley paid the judgment redemption amount. He then appealed the final default judgment without asking the trial court to rehear or vacate it.

We review the entry of a default final judgment for an abuse of discretion, but we analyze pure legal issues de novo. *E.g.*, *Blatter v. D.N. Suyte Inc.*, 359 So. 3d 1200, 1201 (Fla. 4th DCA 2023). This includes whether a judgment is void because a trial court entered it in violation of due process, and whether damages are liquidated or unliquidated. *See Beautiful Outdoors, LLC v. Torres*, 408 So. 3d 1, 3 (Fla. 4th DCA 2025).

Daley contends the trial court erred twice when it entered final judgment. First, he claims that Elevate Roofing failed to state a cause of action in its complaint because it waited too long to record its lien. Second, he asserts that he was entitled to notice and a trial on the "unliquidated" parts of Elevate Roofing's damages.

Daley's first argument fails because he did not preserve it for our review. A complaint that fails to state a cause of action on its face is not void, but merely voidable. *See Bank of N.Y. Mellon v. Condo. Ass'n of La Mer Ests., Inc.*, 175 So. 3d 282, 286 (Fla. 2015). Daley's failure to move for rehearing or to vacate the final default judgment thus dooms his appellate argument. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal."). Even so,

Elevate Roofing sufficiently stated a cause of action for lien foreclosure, reciting all appropriate elements in its complaint. *See* § 713.08, Fla. Stat. (2022). While Daley now contends Elevate Roofing did not timely record its lien, the default "cut off [Daley's] right to defend the allegations" because he admitted them when he failed to respond. *See Donohue v. Brightman*, 939 So. 2d 1162, 1165 (Fla. 4th DCA 2006); *see also Harless v. Kuhn*, 403 So. 2d 423, 425 (Fla. 1981) ("When a default is entered . . . a party has the right to contest damages caused by his wrong but no other issue.").

Daley's second argument, though, has some merit because his default only admitted liquidated damages, and part of the damages awarded are unliquidated. *See Cellular Warehouse, Inc. v. GH Cellular, LLC*, 957 So. 2d 662, 665 (Fla. 3d DCA 2007) ("While a default admits all well-pleaded allegations of a complaint including a plaintiff's entitlement to liquidated damages, it does not admit entitlement to unliquidated damages." (citing *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983))). And Elevate Roofing failed to notify Daley of his right to contest these damages. *See* Fla. R. Civ. P. 1.440(c) (2023) ("In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default . . . ."); Fla. R. Civ. P. 1.510(c)(5) (requiring service of factual positions supporting summary judgment motion on nonmoving party). A part of Elevate Roofing's final judgment is therefore void.

4

The Florida Constitution guarantees that "[n]o person shall be deprived of life, liberty, or property without due process of law." *See* Art. I, § 9, Fla. Const. A judgment procured without notice or opportunity to be heard is void. *See Curbelo v. Ullman*, 571 So. 2d 443, 445 (Fla. 1990). *Curbelo* affirmed the Third District's decision to reverse a trial court's order setting aside a default judgment for unliquidated damages. *See id.* at 443–44. A judgment was not void, it reasoned, when the defendant received notice of a trial at which he appeared to defend himself and then failed to appeal the ensuing judgment. *See id.* at 445. The *Curbelo* Court distinguished an earlier Second District decision setting aside a judgment when a defendant received no notice of his trial for unliquidated damages following default. *See id.* (citing *Ansel v. Kizer*, 428 So. 2d 671, 672 (Fla. 2d DCA 1982)). Since *Curbelo*'s issuance, the Florida Supreme Court has approved a Fourth District decision that vacated an unliquidated damages judgment procured without notice or trial. *See BellSouth Adv. & Pub. Corp. v. Sec. Bank, N.A.*, 698 So. 2d 254, 256 (Fla. 1997), *approving Sec. Bank, N.A. v. Bellsouth Adv. & Pub. Corp.*, 679 So. 2d 795, 800 (Fla. 3rd DCA 1996) ("The setting of unliquidated damages without the required notice and without proof is regarded as fundamental error."). And each of our sister courts has held that a default judgment for unliquidated damages is void if the plaintiff does not notify the defendant of his right to contest the damages claim. *See, e.g.*, *Mitchell v. Northstar Panama City Beach, Inc.*, 171 So. 3d 833, 833–34 (Fla.

5

1st DCA 2015); *Rodriguez v. Thompson*, 235 So. 3d 986, 988 (Fla. 2d DCA 2017); *Cellular Warehouse*, 957 So. 2d at 665; *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006); *Ciprian-Escapa v. City of Orlando*, 172 So. 3d 485, 488–89 (Fla. 5th DCA 2015), *receded from on other grounds by Specialty Sols., Inc. v. Baxter Gypsum & Concrete, LLC*, 325 So. 3d 192, 200 (Fla. 5th DCA 2021) (en banc).

Damages are liquidated when the amount sought "can be determined with exactness" from an agreement, by an "arithmetical calculation" or "by application of definite rules of law." *Bowman*, 432 So. 2d at 662. On the other hand, damages are unliquidated if the court must consider testimony or evidence "to ascertain facts upon which to base a value judgment.'" *Id*. at 663.

The trial court entered judgment for Daley's deductible, the $10,255.90 reflecting part of the insurer's first payment, prejudgment interest, and attorney's fees. Because Daley does not contest Elevate Roofing's entitlement to his homeowners' deductible on appeal, he has waived this claim, and we affirm this part of the trial court's final judgment. *See Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011) (stating argument not raised in initial brief barred). But we otherwise reverse the trial court's damages award as void.

Elevate Roofing's unverified allegation in a demand letter that the $10,255.90 "undisputed" amount of the insurer's first payment was attributable to roof repairs

6

does not liquidate it as a damage.  *See U.S. Fire Ins. v. C & C Beauty Sales, Inc.*, 674 So. 2d 169, 172 (Fla. 3d DCA 1996) ("The fact that [the plaintiff] alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated."); *Hartford Fire Ins. v. Controltec, Inc.*, 561 So. 2d 1334, 1335 (Fla. 5th DCA 1990) (rejecting plaintiff's assertion that its damages were liquidated simply because complaint demanded fixed sum).  Elevate Roofing did not attach the check to its unverified complaint, explain how it was entitled to its proceeds, or show its calculations for the roof repairs.  In context, this issue demands evidence.  *Cf. Mathews Corp. v. Green's Pool Serv.*, 584 So. 2d 1006, 1007 (Fla. 3d DCA 1990) (affidavit attached to complaint supporting $39,526 claim of lien was definite enough to constitute liquidated damages).

This part of the final judgment is therefore void, and the trial court erred by awarding $10,255.90 in damages without affording Daley notice and opportunity to be heard.  We thus remand for further proceedings, which may not necessarily require a jury trial if the reversed portion of Elevate Roofing's damages are indeed "undisputed."[1]  Because the complaint cannot sustain the full amount of damages it

---

[1] *See, e.g.*, Fla. R. Civ. P. 1.500(e) (allowing trial courts to "receive affidavits" to "determine the amount of damages" after default); Fla. R. Civ. P. 1.510(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

alleged, we also reverse the trial court's awards of prejudgment interest and attorney's fees. We otherwise affirm.

AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.

MIZE and PRATT, JJ., concur.

Dennis L. Avery, of Avery, Whigham & Winesett, P.A., Fort Myers, for Appellant.

Aaron Thalwitzer and Justin R. Falatek, of Gordon & Thalwitzer, Cocoa Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED